UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MIGDALIA MARTINEZ,                                              Civil Action No.

                    Plaintiff,

   -against-

ACHIM IMPORTING COMPANY, INC., and
MARTON GROSSMAN,

                    Defendants.
-------------------------------------------------------------X

## COMPLAINT

Plaintiff, Migdalia Martinez, by and through her attorneys, Neil H. Greenberg & Associates, P.C., as and for her Complaint against Defendants, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under Title VII, 42 U.S.C. section 2000e et seq. ("Title VII"), the New York Executive Law section 290 et seq. ("NYSHRL"), and the New York City Administrative Code ("NYCHRL").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331, 28 U.S.C. section 1367, and the principals of pendant jurisdiction.

3. Venue with respect to this action lies within the Eastern District of New York pursuant to 28 U.S.C. section 1391(b)(2).

## PARTIES

4. Migdalia Martinez ("Plaintiff") is a female over the age of eighteen who resides in Brooklyn, New York.

5. Defendant Achim Importing Company, Inc. ("Achim") is a domestic corporation duly formed and existing under and by virtue of the laws of the State of New York.

6. Defendant Marton Grossman ("Grossman") is an individual residing in the State of New York.

7. Grossman is the Chief Executive Officer of Achim.

8. Achim maintains a principal place of business located at 58 Second Avenue, Brooklyn, New York.

## FACTS

9. Plaintiff was employed by Achim from on or about August 12, 2019 to on or about January 7, 2020.

10. During Plaintiff's employment, she became pregnant.

11. Achim employs more than 15 employees.

12. Plaintiff was employed as an assistant to Grossman.

13. Plaintiff worked out of Achim's location at 58 Second Avenue, Brooklyn, New York.

14. During Plaintiff's employment, Grossman was the Chief Executive Officer of Achim and Plaintiff reported directly to him.

15. During Plaintiff's employment, she always performed her job duties in a satisfactory manner.

16. Plaintiff never received a negative written or verbal review.

17. During Plaintiff's employment, she was paid $21.64 an hour.

18. In October 2019, Plaintiff became pregnant.

19. Soon thereafter, Plaintiff informed Grossman that she was pregnant.

20. Upon becoming pregnant, Plaintiff began complaining to Grossman about the unhealthy, unsanitary, and extreme working conditions of Achmin's Brooklyn office and, as a pregnant female, how it was adversely and disparately impacting the health of herself and her unborn child.

21. The Brooklyn office was cluttered and had dirt all over the floors.

22. The Brooklyn office had mold in many areas.

23. The Brooklyn office had dust all over the place.

24. The Brooklyn office had water leaking from the ceiling.

25. The Brooklyn office was muddy and dirty in many areas.

26. The eating areas of the Brooklyn office were unsanitary.

27. The Brooklyn office had extension cords running across the floors.

28. The Brooklyn office did not have heat.

29. The Brooklyn office did not have running water.

30. Areas of the Brooklyn office had broken windows.

31. Areas of the Brooklyn office had rodents and roaches.

32. As part of Plaintiff's job duties, she was required to go through wet, moldy, and dusty items.

33. The bathroom was unsanitary.

34. In order to go to the bathroom, Plaintiff had to urinate on top of another person's urine and pour Lysol inside of the toilet in order prevent the smell afterwards. Plaintiff then had to take water from a bucket, if water was available, and dump it in the toilet so that the toilet could be flushed.

35. When Plaintiff complained about these unsanitary, unhealthy and extreme working conditions, Grossman told Plaintiff to take a 15 minute walk in cold temperatures to the public bathroom at Lowes.

36. For months, Plaintiff was forced to suffer extreme conditions at the workplace that had the disparate impact of putting herself, a pregnant female, in great danger and distress.

37. Plaintiff was forced to sit in a room for mandated trainings where there was no heat and broken windows.

38. Due to these extreme work conditions, Plaintiff requested from Grossman the accommodation of working from home.

39. Grossman refused to engage in the interactive process, outright denied that request, and continued to make Plaintiff work at the Brooklyn office.

40. In December, 2019, because of the constant exposure to the unhealthy, unsanitary, and extreme working conditions for a period of months, Plaintiff was hospitalized.

41. In January, 2020, Plaintiff was constructively discharged by Defendants.

42. Shortly after Plaintiff was constructively discharged, Plaintiff learned at a medical visit that she had blood clots in her placenta.

## COUNT I
### (Violation of Title VII Against Defendant Achim)

43. That Achim discriminated against Plaintiff in the terms, conditions, and privileges of her employment by purposely subjecting her to an unhealthy, unsanitary and extreme work environment while she was pregnant, and as a result, constructively terminating her.

44. That Achim discriminated against Plaintiff in the terms, conditions, and privileges of her employment by refusing to provide Plaintiff with the reasonable accommodation of working from home, especially after Plaintiff was hospitalized after being continually exposed to the unhealthy, unsanitary and extreme work environment.

45. By its actions and conduct, as set forth herein, Achim violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e and the Pregnancy Discrimination Act of 1978, 42 U.S.C. section 2000e(k) by purposely subjecting Plaintiff to an unhealthy, unsanitary and extreme work environment while she was pregnant, which disparately impacted her.

46. That Plaintiff suffered an adverse employment action as a result of being forced to work in an unhealthy and unsanitary work environment and under extreme conditions while she was pregnant, and as a result, was constructively discharged.

47. That Plaintiff's urgent complaints to her direct boss/owner of Achim, were ignored.

48. That as a result of Achim's violation of Title VII, Plaintiff has sustained lost wages, salary, and employment benefits.

49. That Plaintiff additionally seeks interest, compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT II
### (Violation of NYSHRL Against Defendants)

50. That Achim discriminated against Plaintiff in the terms, conditions, and privileges of her employment by subjecting her to an unhealthy, unsanitary and extreme work environment while she was pregnant, and as a result, constructively terminating her.

51. That Achim discriminated against Plaintiff in the terms, conditions, and privileges of her employment by refusing to provide Plaintiff with the reasonable accommodation of working from home, especially after Plaintiff was hospitalized after being continually exposed to the unhealthy, unsanitary and extreme work environment.

52. By its actions and conduct, as set forth herein, Achim violated the New York Executive Law section 290 et seq. by subjecting Plaintiff to an unhealthy, unsanitary and extreme work environment while she was pregnant, which disparately impacted her.

53. That Plaintiff suffered an adverse employment action as a result of being forced to work in an unhealthy and unsanitary work environment and under extreme conditions while she was pregnant, and as a result, was constructively discharged.

54. That Plaintiff's urgent complaints to her direct boss/owner of Achim, were ignored.

55. That Grossman aided and abetted Achim in violating the New York Executive Law.

56. That as a result of Achim's violation of the New York Executive Law, Plaintiff has sustained lost wages, salary, and employment benefits.

57. That Plaintiff additionally seeks interest, compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT III
### (Violation of NYCHRL Against Defendants)

58. That Achim discriminated against Plaintiff in the terms, conditions, and privileges of her employment by subjecting her to an unhealthy, unsanitary and extreme work environment while she was pregnant, and as a result, constructively terminating her.

59. That Achim discriminated against Plaintiff in the terms, conditions, and privileges of her employment by refusing to provide Plaintiff with the reasonable accommodation of working from home, especially after Plaintiff was hospitalized after being continually exposed to the unhealthy, unsanitary and extreme work environment.

60. By its actions and conduct, as set forth herein, Achim violated the New York City Administrative Code section 8-107 by subjecting Plaintiff to an unhealthy, unsanitary and extreme work environment while she was pregnant, which disparately impacted her.

61. That Plaintiff suffered an adverse employment action as a result of being forced to work in an unhealthy and unsanitary work environment and under extreme conditions while she was pregnant, and as a result, was constructively discharged.

62. That Plaintiff's urgent complaints to her direct boss/owner of Achim, were ignored.

63. That Grossman aided and abetted Achim in violating the NYCHRL.

64. That as a result of Achim's violation of the NYCHRL, Plaintiff has sustained lost wages, salary, and employment benefits.

65. That Plaintiff additionally seeks interest, compensatory damages, punitive damages, costs, and attorney's fees.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury on her claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against Defendants as follows:

(A) Declaring Defendants' conduct to be in violation of Plaintiff's rights under Title VII, 42 U.S.C. section 2000e et seq.

(B) Declaring Defendants' conduct to be in violation of Plaintiff's rights under the New York Executive Law section 290 et seq.

(C) Declaring Defendants' conduct to be in violation of the Plaintiff's rights under the New York City Administrative Code section 8-107.

(D) Awarding Plaintiff lost salary, wages, pre-judgment interest, lost fringe benefits, compensatory damages, punitive damages, costs, and attorney's fees.

(E) Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       July 13, 2021

                                Neil H. Greenberg & Associates, P.C.
                                By:   Neil H. Greenberg, Esq.
                                       Justin M. Reilly, Esq.
                              Attorneys for the Plaintiff
                              4242 Merrick Road
                              Massapequa, New York 11758
                              (516) 228-5100