**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
MIGDALIA MARTINEZ,

                Plaintiff,

-against-

ACHIM IMPORTING COMPANY, INC. and
MARTON GROSSMAN,

                Defendants.
------------------------------------------------------------X

21-cv-3961 (ENV)(SJB)

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SETTLEMENT APPROVAL OF A FAIR LABOR STANDARDS ACT CASE**

      I.      PRELIMINARY STATEMENT

Plaintiff, MIGDALIA MARTINEZ ("Plaintiff"), seeks approval of the terms of the parties' settlement agreement ("Agreement"). The Agreement resolves Plaintiff's claims asserted against Defendants, ACHIM IMPORTING COMPANY, INC. and MARTON GROSSMAN ("Defendants") including claims under the Fair Labor Standards Act, 29 U.S.C. section 201 *et. seq.* ("FLSA"). For the Court's review and approval, a copy of the Agreement is attached hereto at **Exhibit A**. The Agreement represents a good faith effort between experienced counsel to negotiate an action under the FLSA and the New York Labor Law ("NYLL"), resulting in a settlement which provides Plaintiff with a full recovery of her claimed unpaid wages under applicable law. Accordingly, Plaintiff respectfully requests that the Court approve the Agreement as submitted and dismiss this action with prejudice.

      II.     PLAINTIFF'S ALLEGATIONS AND DEFENDANTS' RESPONSES

On July 13, 2021, Plaintiff, represented by counsel herein, filed a discrimination lawsuit against Defendants [D.E. 1]. On October 1, 2021, Plaintiff filed an Amended Complaint that withdrew her discrimination claims and asserted claims under the FLSA and the NYLL [D.E. 12]. Plaintiff contends that during her employment with Defendants, she was not paid overtime or

1

regular wages, and that she was not provided complete and accurate wage statements and notices. During discovery, Plaintiff's counsel calculated a damages chart for Plaintiff (attached at **Exhibit B**). Plaintiff's reasonable estimate of her FLSA claim for unpaid overtime is $377.52. In preparing the damages chart, Plaintiff's counsel did not account for any of Defendants' defenses, as discussed herein.

Defendants dispute Plaintiff's allegations and contend that they have fully complied with the FLSA and the NYLL. Defendants dispute the hours Plaintiff claims to have worked each week and contend that Plaintiff did not work in excess of forty hours each week. Defendants claim that during Plaintiff's employment, Plaintiff was properly paid for every hour that she worked. Defendants further contend that their time and payroll records support their defense to Plaintiff's claims. In sum, there is a *bona fide* dispute between the parties regarding Plaintiff's wage and hour claims. The instant settlement constitutes the parties' effort to resolve same in an amicable fashion through arm's length bargaining.

### III. SETTLEMENT NEGOTIATIONS

During discovery, the parties exchanged documents, demands, damage charts, offers and counteroffers. During mediation, Defendants increased their offer to $10,500.00, inclusive of attorneys' fees and costs, and Plaintiff willingly accepted it. Plaintiff recognizes that Defendants' agreement to settle this matter does not constitute an admission of any liability whatsoever and that Defendants have agreed to this amount to avoid the risks and expenses of protracted litigation. Plaintiff further recognizes that Defendants continue to deny that Plaintiff's claims have any merit. Of the agreed upon settlement amount Plaintiff will receive $6,395.47, which constitutes a 100% recovery of her claimed unpaid FLSA overtime, NYLL regular wages, and corresponding liquidated damages, as well as a significant amount of her claimed statutory damages under NYLL

195(1) and (3), all of which Defendants vehemently contend she was and is not entitled to. Additionally, Defendants are paying Plaintiff's attorneys' fees and costs in the amount of $4,104.53.

## IV. THE SETTLEMENT IS FAIR AND REASONABLE

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the *bona fide* disputes between the Parties. This is because the Agreement: (1) fairly accounts for Plaintiff's possible recovery; (2) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses; (3) accounts for the risks in

proceeding with the litigation; and (4) is the product of arm's-length bargaining between experienced counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

1. *The Agreement Fairly Accounts for Plaintiff's Possible Recovery*

As noted above, Plaintiff will be receiving $6,395.47. Further, her attorneys' fees and costs are being paid by Defendants in the amount of $4,104.53. Clearly, it cannot be said that the Agreement constitutes "a mere waiver of statutory rights brought about by an employer's overreaching." To the contrary, the Agreement only resolves the *bona fide* dispute between the Parties relating to the payment of Plaintiff's wages and the other claims raised in the Amended Complaint. The Agreement does not contain a confidentiality provision or a non-disparagement clause, and its release is strictly limited to Plaintiff's wage and hour claims.

Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the Agreement. Accordingly, it is apparent that the settlement amount fairly accounts for Plaintiff's possible recovery in this matter.

2. *The Risk and Expenses Faced by the Parties*

Both Parties in this matter face substantial risks in proceeding forward in this litigation. Defendants are confident that they could prevail at trial on their defenses. Additionally, and as noted *supra*, Plaintiff faces the possibility of receiving no recovery at all. Further, Plaintiff faces the prospect of waiting months, if not years, for the matter to proceed through motion practice and, eventually, trial.

Conversely, while Defendants are confident that they would be able to severely undermine, if not defeat, Plaintiff's claims, they are also mindful that this would have only occurred after a

protracted litigation at significant cost. Moreover, the costs of litigation and prospects of liability for Defendants clearly weigh in favor of early resolution, even at the cost of having to accept Plaintiff's allegations, which they nevertheless flatly reject. Accordingly, both Parties face substantial risks in proceeding forward with the litigation, which weighs heavily in favor of approval of the Agreement.

3.  *The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion*

Finally, it cannot be disputed that the Agreement was the product of legitimate bargaining between experienced counsel which was devoid of any semblance of fraud or collusion. Indeed, the Parties were able to resolve this controversy, in large part, because of the hard work and experience of their respective attorneys and with the assistance of the EDNY Mediation Program and Mediator Joe DiBenedetto. Throughout the process, the Parties' counsel zealously advocated on behalf of their clients, from negotiating the amount of the settlement, to the terms and conditions of same. Far from the product of fraud or collusion, the Agreement constitutes an effort by experienced labor and employment counsel for all Parties to resolve the dispute under the best possible circumstances for their respective clients. Accordingly, the Agreement should be approved by the Court.

V.  PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS SHOULD BE APPROVED

The agreed upon settlement amount is inclusive of attorneys' fees. Plaintiff's counsel is seeking one-third of the settlement amount and reimbursement of the costs incurred during the litigation. *See Calle v. Elite Specialty Coatings Plus, Inc*., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). *See also Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding plaintiffs' attorneys a contingency fee of one-third to account

for risks in litigation); *Gaspar v. Pers. Touch Moving, Inc.*, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit").

Accordingly, Plaintiff's counsel will receive a total of $4,104.53, which includes $3,197.73 in fees and $906.80 in costs. Plaintiff's counsel incurred costs related to the filing of the Complaint ($402.00), service of process ($204.80), and mediation ($300.00). It is respectfully submitted that the attorneys' fees and costs as set forth in the Agreement and Addendum are fair and reasonable.

## VI. CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court approve the Parties' Agreement and dismiss this case with prejudice.

Dated: Massapequa, New York
January 24, 2022

>Respectfully submitted,
>
>Neil H. Greenberg & Associates, P.C.
>
>_____
>By: Keith E. Williams, Esq.
>*Attorneys for the Plaintiff*
>4242 Merrick Road
>Massapequa, New York 11758
>Tel: 516.228.5100
>Keith@nhglaw.com