# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, MIGDALIA MARTINEZ ("Plaintiff") and, on the other hand, ACHIM IMPORTING COMPANY, INC. and MARTON GROSSMAN (collectively, "Defendants") (Defendants and Plaintiff collectively, the "Parties" and each party a "Party").

**WHEREAS**, on or about July 13, 2021, Plaintiff initiated legal action against Defendants in the United States District Court for the Eastern District of New York (the "Court"), entitled *Martinez v. Achim Importing Company, Inc., et al.*, 21-cv-03961 (ENV)(SJB) (the "Action"), in which Plaintiff alleged violations of Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act of 1978, the New York State Human Rights Law, and the New York City Human Rights Law; and,

**WHEREAS**, on or about October 1, 2021, Plaintiff filed an Amended Complaint that withdrew her discrimination claims and interposed claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for unpaid wages and record keeping violations; and,

**WHEREAS**, in the Amended Complaint, Plaintiff has alleged, among other things, that Defendants failed to pay her overtime wages due in connection with services that she performed on Defendants' behalf and failed to provide her with wage notices and wage statements; and,

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint, Amended Complaint, or otherwise; and,

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Action, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

**1.** **Consideration:** The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiff agrees that she will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 below, in relation to the released claims in Paragraph 3 below. In addition, Plaintiff agrees that the amount being paid to her represents all alleged unpaid overtime and other alleged damages relating to her FLSA and NYLL claims from the commencement of her employment with Defendants to the present, including interest, monetary penalties, liquidated damages, and attorneys' fees and costs.

2. **Settlement Amount and Payment:**

    a. As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiff has, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 3 below, Defendants agree to pay Plaintiff the total sum of Ten-Thousand Five-Hundred Dollars and Zero Cents ($10,500.00) ("Settlement Amount") within fourteen (14) days of the Court granting Plaintiff's Motion For Settlement Approval of a Fair Labor Standards Act Case ("Motion for FLSA Settlement Approval") and receipt of all appropriate documents described in paragraph 2(c) as follows:

        i. a check made payable to "MIGDALIA MARTINEZ" in the gross amount of Three-Thousand One-Hundred Ninety-Seven Dollars and Seventy-Three Cents ($3,197.73), representing payment of alleged unpaid wages and statutory damages, from which appropriate federal and New York state tax withholdings and deductions will be made. The Parties agree that Defendants shall report such amount as income on an IRS Form W2;

        ii. a check made payable to "MIGDALIA MARTINEZ" in the total amount of Three-Thousand One-Hundred Ninety-Seven Dollars and Seventy-Four Cents ($3,197.74), representing payment of liquidated damages, statutory damages, and interest. The Parties agree that Defendants shall report such amount as income on an IRS Form 1099 with box number 3 checked;

        iii. a check made payable to "NEIL H. GREENBERG & ASSOCIATES, P.C." in the amount of Four-Thousand One-Hundred Four Dollars and Fifty-Three Cents ($4,104.53), representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099.

    b. The payment set forth in this Paragraph shall be delivered to Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758.

    c. Prior to Plaintiff submitting her Motion for FLSA Settlement Approval, Defendants shall receive a fully executed IRS Form W-4 and IRS Form W-9 from Plaintiff and a fully executed IRS Form W-9 from Plaintiff's attorneys.

    d. Plaintiff agrees and affirms that the Settlement Amount described in this Paragraph shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel, and is inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiff relating to her FLSA and NYLL claims.

    e. Defendants agree that the Court may retain jurisdiction over this Action to enforce this Agreement and the payment set forth in this Paragraph.

DocuSign Envelope ID: 73A24C6B-39BD-4341-9EE0-06B5436020AD
Case 1:21-cv-03961-ENV-SJB   Document 20-2   Filed 01/24/22   Page 3 of 6 PageID #: 79

**3.** **Release of All Fair Labor Standards Act and New York Labor Law Related Claims:** Plaintiff understands and agrees that the Settlement Amount is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiff's claims for alleged unpaid overtime wages, regular wages, liquidated damages, statutory penalties, interest, and attorneys' fees and disbursements under the wage and hour provisions of the FLSA, the NYLL, and any other applicable wage and hour payment laws, rules, or regulations for anything that has occurred up to the Effective Date (as defined in Paragraph 11 below) of this Agreement. Plaintiff hereby completely releases all wage and hour claims against Defendants, including Defendants' predecessors, successors, divisions, subsidiaries, parents, corporations under common ownership or control, and their current and former owners, principals, shareholders, officers, directors, employees, heirs, executors, administrators, successors, and/or assigns, both individually and in their business capacities (collectively referred to as "Releasees"), and releases and forever discharges Defendants and Releasees with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action which Plaintiff, including her heirs, administrators, executors, successors and/or assigns, may now have or hereafter can, shall, or may have against Defendants and Releasees from the beginning of time up to and including the day of the date of this Agreement for any alleged violation of the FLSA, 29 U.S.C. § 201 *et seq.*, the NYLL, and their respective governing regulations.

**4.** **Third-Party Beneficiary:** Defendants agree and acknowledge that Neil H. Greenberg & Associates, P.C. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C. in Paragraph 3 above, and may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Paragraph 2 above as it pertains to that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C., as determined by a Court of competent jurisdiction, Neil H. Greenberg & Associates, P.C. will be entitled to seek that portion of the Settlement Amount allocated to it as described therein and shall be entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under this Agreement, provided that Neil H. Greenberg & Associates, P.C. is a prevailing party.

**5.** **Covenant Not to Sue:** Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants and/or Releasees concerning any matter released in this Agreement. If Plaintiff breaches this Paragraph, as determined by a Court of competent jurisdiction, Defendants will be entitled to seek recovery of their costs, including reasonable attorneys' fees, relating to Defendants' enforcement of this Agreement and/or defense of such claims, provided that Defendants are a prevailing party.

**6.** **Filing of Stipulation of Dismissal with Prejudice:** Defendants hereby authorize their counsel to execute a Stipulation of Dismissal with Prejudice on their behalf, which will be held in escrow by Plaintiff's counsel until this Agreement receives judicial approval. Plaintiff hereby authorizes her counsel to execute the Stipulation of Dismissal with Prejudice on her behalf and file it with the Court upon receiving such approval.

**7.** **Taxes:** On or about January 31, 2023, Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service an IRS Form W-2 and an IRS Form 1099 for the Settlement Amount reflecting payment to Plaintiff of that portion of the Settlement Amount which was received by her in the prior calendar year. Plaintiff expressly acknowledges and agrees

that she is responsible for the payment of all federal, state, and local taxes, if any, that is required by law to be paid by her with respect to the Settlement Amount in Paragraph 2 above. Plaintiff acknowledges and assumes all respective responsibility for paying those amounts, if any, except for Defendants' portion of FICA and/or FUTA, if any. Plaintiff acknowledges that she has not received any tax advice, other than to seek advice from a tax professional, from any party or attorney appearing in this Action.

8. **No Admission of Liability:** Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with Plaintiff's employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9. **No Pending Claims:** Plaintiff hereby represents that other than this Action, she has no other pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the released claims against any of the Parties with any federal, state, or local administrative agency, judicial tribunal, arbitration tribunal, or otherwise.

10. **Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim, or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in Kings County, New York or the United States District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute, or disagreement, and the Parties consent to the personal jurisdiction of those courts. The parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising out of, or related to, this Agreement.

11. **Effective Date:** This Agreement shall become effective as of the date the Court grants Plaintiff's Motion for FLSA Settlement Approval. In the event the Court does not grant Plaintiff's Motion for FLSA Settlement Approval, this Agreement will be null and void.

12. **Entire Agreement:** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements, contracts, promises, understandings, or representations, whether oral or written, express or implied, between the Parties hereto. There is no other agreement except as stated herein. Each Party acknowledges that the other has made no promises other than those contained in this Agreement.

13. **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

14. **Modification and Waiver:** This Agreement may not be changed, modified, or supplemented unless such change, modification, or supplementation is in writing and signed by

the Parties. No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof.

15. **Neutral Construction and Fair Meaning:** Each party to this Agreement was represented by counsel who had the opportunity to review and participate in the drafting of this Agreement and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed or used in any interpretation or enforcement of this Agreement. Accordingly, the language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any particular Party hereto.

16. **Assignment of Claims:** Plaintiff hereby represents and warrants that she has not assigned or transferred or purported to assign or transfer to anyone any claim, action, or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

17. **Counterparts:** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

18. **Headings:** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

19. **Facsimile, Email, and Electronic Signatures:** A facsimile or email copy of this Agreement will have the same force and effect as the original. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand, and the parties hereby waive any objection to the contrary.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**20. Competence and Authority to Execute Agreement:** The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority.

**The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.**

**WHEREFORE, the Parties have executed this Agreement on the date shown below.**

**AGREED:**

_____   Dated: 1/12/2022
**MIGDALIA MARTINEZ**

_____   Dated: 1-24-2022
**ACHIM IMPORTING COMPANY, INC.**
By: Marton Grossman

_____   Dated: 1-24-2022
**MARTON GROSSMAN**